UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS HEMPHILL,                                    Case No. 1:18-CV-497
    Plaintiff,

                                       Black, J.
    vs                                              Litkovitz, M.J.

STATE OF OHIO (ODRC),                               **REPORT AND**
    Defendant.                                     **RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this civil rights

action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA) against

defendants the State of Ohio and/or the Ohio Department of Rehabilitation and Corrections

(ODRC). (Doc. 1, at PageID 1). By separate order, plaintiff has been granted leave to proceed

*in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua*

*sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it,

should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief from a defendant who is immune from such relief. *See*

Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C.

§ 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this "official capacity" action against the State of Ohio and/or the ODRC for various alleged incidents of excessive force, harassment purportedly designed to convince plaintiff to act as a prison informant, and deliberate indifference to a circulatory condition affecting plaintiff's legs for which plaintiff asserts that he requires special shoes and a way to elevate his legs. (Doc. 1, at PageID 1-7). For relief, plaintiff seeks monetary and injunctive relief. (Doc. 1, at PageID 1).

Plaintiff's complaint should be dismissed. Plaintiff has failed to state a claim against the State of Ohio or the ODRC under § 1983. To state a claim under § 1983, a plaintiff must show that the alleged violation was committed by a person acting under color of state law. *See Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001); *Simescu v. Emmet Cty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). The State of Ohio is not a "person" for purposed of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Nor is the ODRC a "person" within the meaning of § 1983. *See Parker v. Michigan Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003). Further, both the State of Ohio and the ODRC, a state agency, are

3

immune from § 1983 liability under the Eleventh Amendment. *See Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468, 472-73 (1987); *Graham v. NCAA*, 804 F.2d 953, 960 (6th Cir. 1986). Therefore, plaintiff's § 1983 claims should be dismissed as to both the State of Ohio and the ODRC.

Nor has plaintiff stated a cognizable claim to relief under the ADA. To establish disability discrimination under Title II of the ADA, plaintiff must prove that: (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination because of his disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Here, plaintiff has not alleged that he was discriminated against or otherwise denied adequate medical care on the basis of a disability. To the extent that plaintiff claims he was wrongly denied shoes or a way to elevate his legs, his allegations do not provide a basis for relief under the ADA. *See Watson v. Mohr*, 2:17-cv-457, 2017 WL 6383812, at *5 (S.D. Ohio Dec. 14, 2017) (Report and Recommendation) (finding that a plaintiff failed to state a claim for relief under the ADA for the denial of medical treatment where the claim was merely an Eighth Amendment deliberate indifference claim in another statutory guise, noting that "[n]either medical treatment decisions nor medical malpractice . . . may form the basis of a claim under the ADA"), *adopted*, 2018 WL 836484 (S.D. Ohio Feb. 13, 2018). *See also Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice."). In the absence of any allegation that plaintiff was discriminated against on the

4

basis of a disability, his complaint fails to state a claim upon which relief may be granted under the ADA and should be dismissed.

Accordingly, in sum, it is **RECOMMENDED** that the Court **DISMISS with prejudice** plaintiff's claims against the State of Ohio and/or the ODRC under 42 U.S.C. § 1983 and Title II of the ADA, the sole federal claims presented in plaintiff's complaint, for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). To the extent that plaintiff also asserts state law claims against these defendants (*see* Doc. 1, at PageID 1), it is **FURTHER RECOMMENDED** that the Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any such claims and **DISMISS** any such claims **without prejudice**.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS with prejudice** plaintiff's claims under 42 U.S.C. § 1983 and Title II of the ADA, the sole federal claims presented in plaintiff's complaint, for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any state law claims and **DISMISS** any such claims **without prejudice**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/15/18

Karen L. Litkovitz
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS HEMPHILL,
     Plaintiff,

     vs

STATE OF OHIO (ODRC),
     Defendant.

Case No. 1:18-CV-497

Black, J.
Litkovitz, M.J.

**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6